UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRISH VAVRINA, | ) | CASE NO. 1:10 CV 878 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GARY NOVAK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 23, 2010, plaintiff pro se Trish Vavrina filed this action against Gary Novak and Beth Savel, who are identified as employees of North Olmsted Public Schools. In an entry filed by Judge Dowd on May 12, 2010, plaintiff was notified that there were no facts alleged in the complaint which could be construed to set forth a valid federal claim for relief, and she was ordered to file an amended complaint setting forth a valid claim within 15 days. Because plaintiff notified the court that she did not get timely notice of the entry, she was granted an extension, on May 28, 2010, until June 30, 2010, to file an amended complaint. On June 3, 2010, plaintiff filed an "Amendment to Defendant List," stating, in part, "Plaintiff is amending Case 1:10 CV 878 to include Judge David D. Dowd, Jr., U.S. District Judge, as a defendant ... ." Judge Dowd recused himself on July 8, 2010. The record does not reflect an amended complaint has otherwise been filed.

The complaint alleges Ms. Vavrina is a former employee of

the North Olmsted, Ohio, Public Schools. It further alleges she suffered property damage to her former Strongsville, Ohio home, as well as to a series of Virginia apartments and her current Ohio residence:

> through introduction of Wi-Fi network materials, change of wiring, and electrical amp up to network and render useless plaintiff's phones and computers. A series of electronic devices including cameras, a video recorder, clocks calculators, television sets and two television/DVD combo units (with computer screen capabilities) were also disabled at Plaintiff's residence.

Complaint, p.2. The complaint additionally states plaintiff suffered loss of employment after she went on vacation and her Strongsville residence and her North Olmsted High School classroom were subjected to "mis-wiring." A contract plaintiff had with the Charlotte-Mecklenburg Schools was rescinded after a phone call "from unknown parties employed by North Olmsted Schools," and paper and on-line applications made by plaintiff were removed or altered, part of "a pattern of phone blocking; and phone and computer hacking, dating to August, 2002 and continuing to the present. Complaint, p.3.

The complaint further alleges Wi-Fi materials were introduced into plaintiff's car and residence ventilation systems, "resulting in permanent skin damages; permanent eye damages, cracks in teeth adjacent to fillings; broken nose, etc." Complaint, p.3. Plaintiff has suffered bleeding ulcers, was exposed to black mold in rotting ceiling tiles, and had a brain scan forced on her in connection with a "false and staged police call." The Strongsville Police refused to investigate Gary Novak, Beth Savel, and

plaintiff's neighbors. She has suffered loss of credit, identity theft, loss of business opportunities, and loss of social connections, all as a result of "blocking and networking of plaintiff's means of communication including phones, computers and email account through a conspiracy of subcontractors engaged to illegally enter Plaintiff's residence and car." Complaint, p.4. Finally, plaintiff alleges she has been the subject of "assault and battery" from "union unity team" truckers who have "made extremely tight driving cut-ins in front of Plaintiff's car, shooting projectiles ranging from metal shards, to bug bombs, rocks, etc. into side windows and front windshields of all cars Plaintiff has owned since resigning from position at North Olmsted Schools in January, 2003." Complaint, pp.4-5.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken,

829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint simply does not contain allegations reasonably suggesting plaintiff might have a valid federal claim against these defendants. This action is therefore appropriately subject of summary dismissal. Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 7/12/10*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE